UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Fernanda M.M., | No. 26-cv-943 (KMM/DTS) |
| Petitioner, | |
| v. | **ORDER** |
| Pamela Bondi, et al., | |
| Respondents. | |

Petitioner Fernanda M.M. ("Fernanda" or "Petitioner") seeks a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) For the reasons that follow, the petition is granted.

## Background

Respondents do not dispute the facts alleged in the petition (Dkt. 4), and the Court treats those facts as established. Fernanda is a citizen of Nicaragua, a resident of Inver Grove Heights, and has lived in the United States since July 2015. (Dkt. 1 ¶¶ 7, 12.) She is in the process of seeking lawful permanent residency in the United States through her spouse, who already has LPR status. (*Id.* ¶ 13.) Fernanda has four U.S. citizen children between the ages of 7 and 13. (*Id.* ¶ 15.)

Fernanda was placed in removal proceedings in September 2020, and after the removal proceedings were initiated, she was released on her own recognizance. (*Id.* ¶ 14.) On November 9, 2023, the presiding immigration judge entered an order administratively closing the proceedings and they remain closed at this time. (*Id.*) However, on February 2, 2026, agents with U.S. Immigration and Customs Enforcement ("ICE") arrested Fernanda

in connection with increased immigration enforcement in Minnesota. (*Id.* ¶¶ 16–17.) The ICE agents arrested Petitioner without a warrant. (*Id.*) Fernanda was in custody at the Bishop Henry Whipple Federal Building at Fort Snelling, Minnesota, at the time the petition was filed. (*Id.* ¶¶ 7, 20.)

Respondents' position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). The Court finds that, as a matter of law, Fernanda cannot be held under this provision and therefore orders her release.

**Analysis**

This case is one of many filed in recent months in this district challenging the application of § 1225(b)(2) to aliens who are already in the United States, either having entered without inspection or having been previously released pursuant to 8 U.S.C. § 1226. This Court has previously held that, because such people are not "seeking admission," as set forth in § 1225(b)(2), that provision—which mandates detention—does not apply to them. *See, e.g.*, *Belsai D.S. v. Bondi*, No. 25-cv-03682 (KMM/EMB), 2025 WL 2802947 (D. Minn. Oct. 1, 2025). The same legal conclusion has been adopted by countless district courts around the country in similar cases, by the only Court of Appeals to have ruled on the issue, and by many courts in this district.

Respondents point out that these issues are presently on appeal to the Eighth Circuit in *Avila v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025). (Dkt. 4.) "For purposes of expediting these proceedings, the Federal Respondents assert all arguments raised by the government in *Avila*, preserve those arguments for any appeal in this case, and respectfully request that the Court deny Petitioner's habeas petition." (*Id.*) Although the

Court has considered the arguments raised by the government, and reviewed the authority cited, the Court declines to repudiate its analysis from *Belsai D.S.* and instead continues to follow the analysis of most courts to have considered the matter. Of course, these issues are complex, and the government's arguments are not frivolous. But the Court continues to believe that the better reading of the relevant statutory scheme is that § 1225(b)(2) does not apply to Fernanda or others who are similarly situated, and her mandatory detention under that provision is not supported by the law.

### Propriety of Immediate Release

Petitioner alleges that she should be immediately released, seeking a bond hearing only as an alternative remedy. (Dkt. 1 at 15.) The Court concludes that immediate release is appropriate in this case. The statute upon which Respondents are relying to justify her detention does not apply. Moreover, even if they invoked § 1226(a) as an alternative basis for detention, they have not followed the requirements of that provision. The government has not claimed to have a "warrant issued by the Attorney General" supporting Fernanda's recent arrest, nor has the government produced one to the Court. This is so despite clear allegations in the petition that a warrant is a prerequisite to detention under § 1226(a), and Fernanda's claim that no warrant was shown or referenced.

As U.S. District Judge Eric Tostrud recently explained, "[s]ection 1226 provides that '[o]n a warrant issued by the Attorney General, an alien may be arrested and detained.'" *Ahmed M. v. Bondi et al.*, 25-CV-4711 (ECT/SGE), 2026 WL 25627, at *3 (D. Minn. Jan. 5, 2026). Judge Tostrud concluded that the issuance of a warrant is a necessary prerequisite to even discretionary detention under § 1226(a), citing several decisions from

other districts. *Id.* In *Ahmed M.*, the petitioner had been rearrested with no warrant and no allegation of a violation of the conditions of his previous release. Therefore, the appropriate remedy in *Ahmed M.* was immediate release rather than a detention hearing. *See also Juan S.R. v. Bondi*, 26-cv-05 (PJS/LIB) (Order (Dkt. 8), Jan. 12, 2026) (same). The Court agrees with the reasoning of these cases, and notes that Petitioner raised this argument in his Amended Petition. [ECF 1, ¶ 52.] Therefore, dismissal is the appropriate remedy.

## ORDER

Based on the above, and on the full record before the Court, **IT IS HEREBY ORDERED THAT:**

1. The Petition for a Writ of Habeas Corpus is **GRANTED**.

2. The Court **DECLARES** that Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and **ENJOINS** Respondents from denying release or other relief on the basis that she is subject to such mandatory detention.

3. The Court **ORDERS** Respondents to immediately release Fernanda M.M., and no later than 4:00 p.m. on February 6, 2026. Because the Court previously ordered Fernanda M.M. to be returned to the District if she had been moved, the Court assumes that she will be released in Minnesota. She should be released with all her property and unconditionally.

4. Finally, the Court **ORDERS** Respondents to notify the Court and opposing counsel within 24 hours of Petitioner's release, confirming that the release has occurred, and when it occurred. If Petitioner was removed from the District and has not been returned as previously ordered, Respondents should immediately notify the Court of when she will be returned and released.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date: February 5, 2026

*s/Katherine M. Menendez*
Katherine M. Menendez
United States District Judge